People v Acosta (2024 NY Slip Op 01684)

People v Acosta

2024 NY Slip Op 01684

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 4790/15 Appeal No. 1907 Case No. 2022-05114 

[*1]The People of the State of New York, Respondent,
v
Samuel Acosta, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Order, Supreme Court, New York County (Althea Drysdale, J.), entered on or about September 22, 2022, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
As the People concede, defendant was improperly assessed 20 points under factor 7 for having a professional relationship with the victim because the People failed to provide him with the requisite 10-day notice of the basis for seeking points under that category (see Correction Law § 168-n[3]; People v Worley, 40 NY3d 129, 134-135 [2023]). Nevertheless, defendant's presumptive risk level remains the same, as the remaining unchallenged 85 points still rendered him a level two offender, and defendant does not dispute that the court properly imposed the presumptive override to a level three designation due to his prior felony sex crime conviction.
The court providently exercised its discretion in denying defendant's request for a downward departure (People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the fact that defendant's underlying crime and the prior sex crime both involved sexual contact with a young child (see People v Sanchez, 143 AD3d 506, 506 [1st Dept 2016]). Moreover, defendant has another prior conviction arising from inappropriate contact with a young victim. Any mitigating factors cited by defendant are outweighed by defendant's record, which demonstrates a dangerous propensity to commit sex crimes against young children, notwithstanding the remoteness in time of the prior convictions (see People v Carter, 114 AD3d 592 [1st Dept 2014]; People v Jamison, 107 AD3d 531 [1st Dept 2013], lv denied 22 NY3d 852 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024